STATE of North Dakota ex rel. Duane R. NEDRUD, as State's Attorney in and for Ward County in said State, Plaintiff and Respondent,

v.

D. D. GOVAN and Mary A. Jackson, Defendants and Appellants.

No. 7724.

Supreme Court of North Dakota.

Dec. 14, 1957.

William S. Murray, Bismarck, for appellants.

Leslie R. Burgum, Atty. Gen., and LeRoy A. Loder, State's Atty., Minot, for respondent.

GRIMSON, Chief Justice.

The State of North Dakota brings this action by the State's Attorney of Ward County against the defendants. The complaint alleges that the premises, located at 317 3rd St. N.W., Minot, known as the Parrot Inn, are operated by the defendants as a common nuisance by the selling of alcoholic beverages therein illegally. Plaintiff prays that the defendants be perpetually enjoined and restrained from using such premises as a place where alcoholic beverages are sold or kept for sale in violation of the state laws. The defendants made a general denial but admit that Mr. Nedrud was state's attorney at the commencement of the action; that Mary A. Jackson owned the property and used part of it as her home and that a restaurant, known as the Parrot Inn, is also operated therein.

A temporary injunction was asked for and granted. A motion by defendants to vacate that was denied. The case was tried to a jury who found for the plaintiff, and judgment was entered accordingly. Then defendants made a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial which was denied. They also made a motion for dismissal of the action which was denied. This appeal is taken from the judgment and from the orders of the court denying said motions.

The first error alleged is that when the case was opened on Feb. 15, 1957, the court erred in overruling the objection of the defendants' attorney to the introduction of any evidence on the ground that Duane N. Nedrud, who, as state's attorney, brought this action in the name of the state, was no longer such state's attorney having been succeeded on Jan. 7, 1957, by LeRoy Loder; that this amounted to a change of plaintiffs; that, therefore, Mr. Nedrud now had no authority to prosecute the case. This ground was also alleged on the motions for directed verdict, judgment notwithstanding and for dismissal.

The evidence shows that Mr. Loder orally appointed his predecessor, Mr. Nedrud, as Assistant State's Attorney and that he, together with the Attorney General, Hon. Leslie R. Burgum, proceeded with the trial of the case.

The authority for bringing this action in this manner is found in Section 5-0122, NDRC 1943, which provides:

"Any room, house, building, structure, or place where intoxicating liquors are manufactured, sold, kept for sale, or otherwise employed in violation of any of the provisions of this title, hereby is declared to be a common nuisance, and the same shall be abated in the manner provided by chapter 2 of the title Nuisances," which is Chapter 42, NDRC 1943, Sec. 42-0201 and provides: "The attorney general, his assistant, the state's attorney, or any citizen of the county where the common nuisance exists or is maintained, may bring an action in the name of the state to abate and perpetually enjoin a nuisance."

 This action is brought by the state under the above section. When the state's attorney's term expires his successor is in duty bound to carry on the lawsuit for the state. There is no change of plaintiffs in the case at bar. The state had a right to proceed even if there was a change of state's attorneys. The objection of the attorney for the defendants was properly overruled.

The only other question raised on this appeal is the sufficiency of the evidence to support the verdict. A brief review follows.

The defendant, Govan, on cross examination under the statute, admitted he and Mrs. Jackson were partners in the Parrot Inn enterprise; that they did not procure a state or city license to sell intoxicating beverages; that they had procured an "Occupation Tax Stamp" from the Federal government, which authorized them to engage in the retail liquor business at the Parrot Inn and that they paid tax as required of liquor dealers.

The evidence shows that on Nov. 5, 1954, a police officer entered the Parrot Inn at 9:30 A.M. and found one man drinking beer, and two others with beer cans before them which they put under the table at the direction of defendant, Govan, who picked up a 50 cent piece lying on the table. On Nov. 13, 1954, four police officers again entered the Parrot Inn about 4:30 A.M. and found men sitting in two little rooms drinking. Defendant, Govan, took the beer cans from them and headed out. He hit the policeman who tried to stop him. The police then gathered up a dozen cans of beer and two partly consumed bottles of whiskey. They found 22 cans of beer in the cooler and a garbage can full of empty beer cans and whiskey bottles. At 3:00 A.M. on the 21st day of November 1954, the police again entered the Parrot Inn and found two men in the back room drinking out of "shot glasses" generally used in serving small drinks of whiskey. On March 11, 1956, the police officers once more entered the Parrot Inn about 1:30 A.M. They found two men drinking whiskey. They were arrested and pled guilty to "illegal consumption of liquor in a cafe." At 1:00 A.M. on Sept. 2, 1956, the officers again entered the place and found five men sitting in a booth located in the kitchen with the beer cans in front of them. They found more men in another room. Mr. Govan started to put the beer cans on a tray. The officer took the tray from him and placed 28 beer cans on the tray, some partially filled and some empty. Nine men were arrested for consuming liquor in an unlicensed place. Two of them pled guilty. The officers took the beer cans with them and had the contents of three cans analyzed. The beer in one can contained 16 percent alcohol by volume and in the others 14 percent. The testimony also showed that the Parrot Inn had the reputation of being a place where alcoholic beverages were illegally sold and consumed. A traveling man from Bismarck testified that on the 29th day of November 1955, he and two other men went into the back room of the Parrot Inn, ordered beer and whiskey and were served by the defendant, D. D. Govan, to whom they made payment.

No testimony was offered by the defendants.

 We have carefully considered all the evidence and are satisfied that the verdict of the jury is fully supported thereby.

The judgment and orders of the District Court are affirmed.

MORRIS, SATHRE, JOHNSON, and BURKE, JJ., concur.